IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KRISTIE HAMILTON, MARK WEECH, )
JAMES HAMILTON, and ROBERT )
CALAS, )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV409-116
 )
CARECORE NATIONAL, LLC, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Defendant Carecore National's ("Carecore") Motion to Dismiss Count III of Plaintiffs' Complaint and Memorandum in Support, seeking dismissal of Plaintiffs' fraud claim. (Docs. 2, 3.) Plaintiffs have responded in opposition. (Doc. 7.) For the reasons that follow, the Motion is **GRANTED IN PART,** but **DENIED** to the extent that it seeks dismissal of the fraud claim with prejudice. Plaintiffs are **GRANTED** leave to amend the Complaint.

### BACKGROUND

This case is based upon purported violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Specifically, Plaintiffs, who were at-will employees of Carecore, allege that Carecore failed to pay them minimum wage and overtime wages. (Doc. 1 at 6.) Plaintiffs further allege

that the failure to pay promised wages for completed work constitutes fraud by the Defendant because Defendant never intended to honor the employment agreement. (Id. at 8-9.) Plaintiffs seek overtime pay, attorney's fees, liquidated damages, costs, and punitive damages. (Id. at 9.)

Plaintiffs filed this case in state court on May 14, 2009. (Id. at 7.) On July 16, 2009, Defendant removed the case to this Court on the basis of Federal question jurisdiction. (Id. at 1-2.) Concurrently, Defendant filed a Motion to Dismiss Plaintiffs' fraud claims as insufficiently pled. (Doc. 2.) Further, Defendant contends that no set of facts exists that would allow Plaintiffs to prove fraud and asks that the insufficiently pled claims be dismissed with prejudice. (Doc. 3.) Plaintiffs responded in opposition, contending that the claims were sufficiently pled, or, alternatively, seeking leave of court to amend the Complaint to include increased specificity. (Doc. 7.)

**ANALYSIS**

Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b) "[p]laintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in

2

which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." Brooks v. Blue Cross & Blue Shield of Fl., Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997); accord Tello v. Dean Witter Reynolds, Inc., 494 F.3d 956, 972 (11th Cir. 2007). However, "[t]he application of Rule 9(b) . . . 'must not abrogate the concept of notice pleading.'" Id. (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)).

Plaintiffs' Complaint does not satisfy Rule 9(b), which is unsurprising given that the Complaint was drafted with state pleading rules in mind. In their Complaint, Plaintiffs fail to allege the precise statements made, or the time, place, and person responsible for the statement. (Doc. 1 at 7-8.) Instead, Plaintiffs' fraud allegations rest on unidentified statements about wages that induced them to provide services to Defendant for a price below what Plaintiffs would otherwise have charged. (Id.) Because the claim does not satisfy Rule 9(b), Plaintiffs may not proceed with the claim as drafted in the Complaint.

Generally, when a claim is insufficiently pled "a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (citing Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)); accord Bank v.

3

Pitt, 928 F.3d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (modifying Bank rule such that district court is not required to grant a represented plaintiff leave to amend sua sponte). However, district courts need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Corsello, 428 F.3d at 1014. Plaintiffs ask for leave of Court to amend the Complaint to increase its specificity. (Doc. 7 at 3-5.) Defendant responds that any amendment by Plaintiffs are futile because at-will employees can never enforce a promise made by the employer, and, therefore, could not have reasonably relied on the employers promises, leaving no set of facts that could support a claim for fraud. (Doc. 8 at 2-3.)

Defendant's contention is erroneous. Where a plaintiff has completed work pursuant to an at-will employment contract, a defendant can be sued to enforce promises made concerning completed work. E.g., Yearwood v. S. Life Sys., Inc., 243 Ga.

App. 348, 350, 531 S.E.2d 741, 743 (2000) ("It is true an employee cannot sue to enforce future performance of a terminable-at-will employment agreement. However, an employee may sue . . . for the amount of compensation due him, based upon services actually performed by him up to the time of his discharge." (internal quotation omitted)), E.D. Lacey Mills, Inc. v. Keith, 183 Ga. App. 357, 360, 359 S.E.2d 148, 153 (1987) ("While a promise to pay wages of a sum certain is enforceable after performance by the employee, a promise to change the terms of compensation in the future is not enforceable."). While the Court cannot currently ascertain the exact nature of the fraud claim, it appears that Plaintiffs are seeking damages only for completed work. (Doc. 1 at 7-8; Doc. 7 at 4-5.) Since such a claim is generally cognizable for at-will employees, amendment to the Complaint is not necessarily futile.[1] Therefore, the appropriate remedy for the insufficiently pled claim is to grant Plaintiffs' request for leave of court to amend their Complaint.[2] Accordingly, the Motion to Dismiss is **GRANTED IN PART**, but

---

[1] The Court does not mean to pass on whether repleading will result in a cognizable claim. Defendant remains free to challenge any repleaded allegations brought forth by Plaintiffs.

[2] The Court further notes that Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." Here, Plaintiffs drafted their Complaint to conform to state law, not federal law, so justice requires they be given an opportunity to replead their Complaint pursuant to federal standards.

5

**DENIED** to the extent it seeks dismissal with prejudice. Plaintiffs' request for leave to amend the Complaint is **GRANTED**.

## CONCLUSION

Before the Court is Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint. (Docs. 2, 3.) For the above stated reasons, the Motion is **GRANTED IN PART**, but **DENIED** to the extent that it seeks dismissal with prejudice. Plaintiffs are **GRANTED** leave to amend the Complaint.

SO ORDERED this 4th day of March, 2010.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA